UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR REYES, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-1520 |
| | § | |
| JACQUELINE STILWELL, *et al.* | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Before the court are plaintiff Edgar Reyes's unopposed motions[1] for entry of default and default judgment (Dkts. 13, 15) against defendants Jacqueline Stilwell and Stilwell, Inc. d/b/a/ Road House Bar and Grill. For the following reasons, the motions are GRANTED. The court finds that the defendants are in default and the entry of default judgment is warranted.

A party that fails to plead or otherwise respond to a complaint within the time required by the Federal Rules of Civil Procedure is in default. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). By defaulting, a defendant admits to the well-pleaded facts in the complaint, except those relating to the amount of damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002); *see also* 10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998). If a defaulting defendant contests the amount of the claim, a full hearing may be necessary to decide the issue of damages. *See* 10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d 1998).

Under Rule 55(b)(2) a motion for default judgment must be presented to the court for entry of judgment and notice of the application must be sent to any defaulting party who has appeared.

---

[1] The motions for entry of default and default judgment were filed October 16, 2006. More than twenty days have passed with no response. The court will therefore treat the motions as unopposed. *See* S.D. Tex. Loc. R. 7.4 ("Failure to respond will be taken as a representation of no opposition").

*See* 10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998).  The Local Rules of the Southern District of Texas further specify that a motion for default judgment "must be served on the defendant-respondent by certified mail (return receipt requested)." *See* S.D. Tex. L.R. 5.6.  If there has been no appearance by the defendant, then the three-day notice period of Federal Rule of Civil Procedure 55(b)(2) need not be given.  *See Federal Savings & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1071 (5th Cir. 1988).  In determining whether to enter a judgment of default the court may consider whether material issues of fact exist; whether substantial prejudice will result; whether the grounds for default are clearly established; and, whether there exists a good faith mistake or excusable neglect that resulted in the default.  *See Caterpillar Fin. Servs. Corp. v. Lindsey*, 218 F.R.D. 145, 148 (S.D. Tex. 2003); *see also* 10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998).

Plaintiff Reyes has submitted evidence that Jacqueline Stilwell, both personally and in her capacity as the registered agent for Stilwell, Inc., was served with a summons and a copy of the complaint on May 11, 2006.[2]  The defendants have not appeared or taken action to defend against this suit, such as by filing an answer or a motion to dismiss.  The court finds the defendants are therefore in default.

Reyes's motion for default judgment was filed on October 16, 2006, and was served upon the defaulting defendants by certified mail, return receipt requested.  The defendants have not responded to the motion for default judgment.  The grounds for the default are clearly established, further delay will prejudice the plaintiff, and there is no evidence of a good faith mistake or excusable neglect on the part of the defendants.  The court concludes that default judgment is

---

[2] *See* Dkt. 13, Exs. 1, 2; Dkt. 15, Exs. 1, 2.

warranted pursuant to Federal Rule of Civil Procedure 55(b)(2). Accordingly, the defendants have admitted to the well-pleaded facts of the plaintiff's complaint, leaving only the issue of damages to be determined. A hearing will be held on the amount of damages on November 29, 2006, at 11:00 A.M. in Courtroom 8B.

Signed on November 17, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge